IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| OSCAR L. BOYKIN and ANNETTE HOLT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 2:12CV167-MHT ) |
| JUDGE TRUMAN HOBBS, Montgomery County Circuit Court, | ) ) ) |
| Defendant. | ) ) |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiffs Annette Holt and Oscar L. Boykin, proceeding *pro se*, have filed a motion for leave to proceed *in forma pauperis* in this action (Doc. # 2). It is

ORDERED that the motion is GRANTED. However, upon review of the complaint, the court concludes that dismissal of this action is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

**Plaintiffs' Claims Against Judge Hobbs**

On August 9, 2011, Judge Truman M. Hobbs of the Circuit Court of Montgomery County, Alabama, entered an order in the case of <u>Anton Haardt v. Annette Holt and Oscar L. Boykin</u>, Case No. CV-2011-900640.00, finding that Holt and Boykin conspired to defraud Haardt and to convert her property, and awarding Haardt compensatory damages in the

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that ... the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

amount of $93,527.23 and punitive damages in the amount of $50,000.00 against Holt and Boykin. (Exhibit A to Complaint). On January 6, 2012, Holt and Boykin filed a Notice of Appeal to the Supreme Court of Alabama. (Exhibit C to Complaint). On February 20, 2012, plaintiffs received a letter by hand delivery from Winston Edwards, Haardt's attorney, giving them notice that, "[p]ursuant to the requirement by the Court," Haardt would have workers present to remove the lions from their front yard and a sculpture from their back yard beginning on February 24th. (Exhibit B to Complaint).

On February 23, 2012, Holt and Boykin filed the present complaint in this court against Judge Truman Hobbs, alleging that Judge Hobbs violated their right to substantive due process and subjected them to "cruel and unusual punishment" by allowing Haardt and her attorney – "[w]ithout the legal due process of a court environment, court document, court filing, or court procedure" – to enter their property and "illegally take possession of two statue lions on the front yard totaling an estimated value $20,000.00 and the sculpture from the back yard." (Complaint, pp. 1-3). Plaintiffs allege that, because they appealed Judge Hobbs' final order to the Supreme Court of Alabama, Judge Hobbs "does not hold jurisdiction" over the case and "has no legal grounds to communicate with [them]" regarding the case.[2] Plaintiffs seek only injunctive relief, asking that this court "restrain the judge

---

[2] Plaintiffs describe an "unlawful court order by Judge Hobbs" that was executed on February 23, 2012, by Haardt, through her attorney, "by attempting to steal and carry away the two statue lions in the front yard." (Complaint, p. 3). They have not attached a copy of the order to the complaint and do not indicate when Judge Hobbs entered the order; instead, they allege that their surveillance cameras "picks up the attorney of Anton Haardt hand delivering mail that would be later identified as a requirement by the court in this matter to allow Haardt and her agents to remove two statue lions on the front yard and the sculpture from the back yard." (Id.). In a subsequent

Truman Hobbs from all illegal practice of law against the plaintiffs in this matter" and "[r]estrain the trial court judge from giving strangers that does not have legal authority to enter the plaintiff's private property at 44 S Haardt Drive Montgomery, AL 36105 without legal grounds." (Complaint, p. 5 (*ad damnum* clause)).[3]

Plaintiffs' claims arise from the actions of Judge Hobbs as the presiding judge in the civil action brought against them by Haardt, and they seek an order enjoining his activity related to that case. There is no allegation suggesting that Judge Hobbs acted other than in his judicial capacity; instead, they assert that they were injured by his orders in the case. Plaintiffs may not maintain their claims for injunctive relief against Judge Hobbs. See 42 U.S.C. § 1983 (injunctive relief may not be granted "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable");[4] cf. Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000)(discussing the 1996 Federal Courts Improvement Act's

---

amendment, plaintiffs include the seemingly contradictory allegation that Winston Edwards is guilty of making a "false statement" to the police by "present[ing] a court order to a police officer in referencing Judge Truman Hobbs giving permission to enter 44 S Haardt Drive to remove the lions from the front yard of the plaintiff" – an order that "is not registered in the County Courthouse as a document to give legal authority to the defendants to enter 44 S Haardt Drive." (Doc. # 4-1, p. 2).

[3] Plaintiffs do not, in the present action, seek review of Judge Hobbs' August 9, 2011, final order. They allege that they appealed that order to the Alabama Supreme Court several weeks before they commenced this action. They challenge post-judgment action by Judge Hobbs, taken after they appealed his order awarding compensatory damages to Haardt, and they seek to enjoin future action by Judge Hobbs. Thus, the Rooker-Feldman doctrine is not implicated by plaintiff's allegations in this matter.

[4] Plaintiffs allege no facts suggesting that this exception applies.

3

amendment to 42 U.S.C. § 1983 to preclude injunctive relief against a judicial officer); Knox v. Bland, 632 F.3d 1290, 1292 (10th Cir. 2011)("Although we have previously said that a plaintiff may obtain an injunction against a state judge under 42 U.S.C. § 1983, ... those statements were abrogated by the Federal Courts Improvement Act of 1996 ... ."). Plaintiffs' claims against Judge Hobbs are, accordingly, due to be dismissed.

If plaintiffs' claims against Judge Hobbs were not precluded expressly by § 1983, these claims would also fail on the merits of the alleged underlying constitutional violations. Even assuming a procedural deprivation of constitutional dimensions, plaintiffs may not maintain their procedural due process claim[5] against Judge Hobbs because they have not alleged that the State of Alabama provides no adequate means to remedy the deprivation. Plaintiffs cannot prevail on their § 1983 procedural due process claim without establishing that the state has failed to provide adequate post-deprivation remedies. Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir.), *rehearing and rehearing en banc denied*, 237 F.3d 638

---

[5] Plaintiffs label their claim as asserting a "substantive due process" violation. (Complaint, pp. 2, 4). However, they complain that Judge Hobbs authorized Haardt and her representatives to enter their property to take possession of the lion statues and the sculpture "[w]ithout the legal due process of a court environment, court document court filing, or court procedure" and that "Oscar Boykin is not being giv[en] a fair trial to defend the two lions on the front yard" or "notice [that] the two lions or any other personal items would be confiscated by Anton Haardt or her agents." (Id.). These allegations assert procedural deprivations only, and not the deprivation of any fundamental right protected by substantive due process. See Doe v. Moore, 410 F.3d 1337, 1342 (11th Cir.), *cert. denied*, 546 U.S. 1003 (2005)("This substantive component [of the due process clause] protects fundamental rights that are so 'implicit in the concept of ordered liberty' that 'neither liberty nor justice would exist if they were sacrificed.'")(citations omitted); Bailey v. City of Pinellas Park, 147 Fed. Appx. 932, 934 (11th Cir. 2005)(unpublished opinion)("Property interests like those that Bailey enjoys in his residence are created and defined by state law rather than the Constitution... . They are not fundamental rights, and thus they are not entitled to substantive due process protection.")(citations and footnote omitted).

4

(11th Cir. 2000)("It is the state's failure to provide adequate procedures to remedy the otherwise procedurally flawed deprivation of a protected interest that gives rise to a federal procedural due process claim... . This rule ... recognizes that the state must have the opportunity to 'remedy the procedural failings of its subdivisions and agencies ... .' before being subjected to a claim alleging a procedural due process violation.")(citations omitted). Because of the availability of the mandamus remedy under Alabama law, plaintiffs cannot cure this deficiency in their pleading by amendment.  See Ala. Code § 6-6-640 (remedial writs); Cotton, 216 F.3d at 1332; Thornton v. First National Bank of Birmingham, 291 Ala. 233, 235 (Ala. 1973)(mandamus may be used not only "to compel a court to exercise its authority when it has a duty to do so" but, also, "to confine a court to the exercise of its prescribed jurisdiction")(citations omitted).  Plaintiffs allege that Judge Hobbs has subjected them to "cruel and unusual punishment[.]"  (Complaint, p. 2).  The Eighth Amendment's protection against "cruel and unusual punishment" applies only to convicted prisoners; the Fourteenth Amendment's grant of similar protection against extreme conditions creating an unreasonable risk of serious damage to an individual's health or safety likewise applies in the context of physical detention.  See, *e.g.*, Bozeman v. Orum, 422 F.3d 1265 (11th Cir. 2005), *rehearing and rehearing en banc denied*, 186 Fed. Appx. 984 (11th Cir. 2006); Ellis v. Pierce County, 415 Fed. Appx. 215 (11th Cir. 2011).  The facts that plaintiffs allege do not state a claim of "cruel and unusual punishment."  (See Complaint, p. 2).

### Plaintiffs' Claims Against the Additional Defendants

On February 27, 2012, four days after they commenced this action, plaintiffs filed a

motion for leave to amend their complaint to assert claims of fraud and of "civil rights violation" by the Haardt Family Limited Partnership, Anton Haardt, Slaten & O'Connor, P.C., and Winston Edwards. (Doc. # 4).[6] They allege that "Anton Haardt, CEO of Haardt Family Limited Partnership is directly responsible for the financial funds that are used to commit fraud in violation of the plaintiffs['] civil rights." (Doc. # 4-1, p. 1). They further allege that she "knowingly paid attorney Winston Edwards to trespass and confiscate property from the plaintiff that she knew she didn't have immediate access or sale contractual rights." Plaintiffs' contention is that – by obtaining a monetary judgment against them *and* attempting to recover items from plaintiffs' yard – Haardt is "double dipping and using the judicial system to commit fraud and to[] violate the civil rights of the plaintiffs." (Id., p. 2). They further assert that Edwards and Slaten & O'Connor "sent an unlawful court order through the mail stating that the defendant would have unfertile access to the plaintiff property, this order is not registered in the County Courthouse as a document to give legal authority to the defendants to enter 44 S Haardt Drive on the dates that is described in a hand-delivered and signed letter by Winston Edwards," and that Anton Haardt and Edwards "try to prevent plaintiffs ... from fighting for ownership of the two lions ... . [and] decided to commit fraud to steal the lions." (Id.).[7]

---

[6] The letter attached to the complaint as Exhibit B bears the signature of "Winston W. Edwards" and is on the letterhead of "Slaten Law, P.C." (Exhibit B to Complaint). Plaintiffs provided an addresses of 1220 S. Hull Street, Montgomery, Alabama, for the Haardt defendants and 5960 Carmichael Place, Montgomery, Alabama, for Slaten & O'Connor and Edwards. (Doc. # 4).

[7] They also allege that their surveillance cameras have "captured" Edwards committing criminal violations of harassment, trespass, tampering with a mailbox, judicial fraud, and making

On March 1, 2012, plaintiffs filed two more motions for leave to amend the complaint. In the first motion, they seek leave to add an additional claim against the Haardt Family Limited Partnership, alleging that the partnership is their "mortgage holder" and has stripped them of their home ownership rights by "tresspassing, harring, inviting drunks, and ganster to [their] home[,]" and to add a demand for compensatory and punitive damages. (Doc. # 5)(errors in original). In the second motion, they seek leave to add a claim against Slaten & O'Connor, P.C., and Winston Edwards for "denie due process, deprive of home owner ship rights, harrassment, tresspass, and a hold lot more" and, also, to add a demand for compensatory and punitive damages. (Doc. # 6-1)(errors in original).

Under Fed. R. Civ. P. 15, plaintiffs may amend their complaint once, as a matter of course, within 21 days after serving it. Thus, the motion for leave to amend that plaintiffs' filed on February 27, 2012 (Doc. # 4) is due to be granted pursuant to Fed. R. Civ. P. 15(a)(1)(A). They must obtain leave of the court for the amendments they presented subsequently on March 1, 2012 (Docs. ## 5, 6)the court will allow these amendments. However, despite plaintiffs' conclusory reference to Edwards' and the law firm's denial of their rights to due process, plaintiffs allege no facts sufficient to state a claim arising under federal law against any of the defendants added by amendment. "In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d

---

a false statement to a police officer. (Doc. # 4-1, p. 3).

1295, 1303 (11th Cir. 2001)(citations omitted), *cert. denied*, 535 U.S. 1033 (2002). There is no indication in the complaint that Edwards, Slaten & O'Connor, Anton Haardt, or the Haardt Family Limited Partnership are anything other than private individuals or private commercial entities. Plaintiffs do not allege any facts suggesting that the actions of the additional defendants are "fairly attributable to the State" such that the private defendants may be held liable under 42 U.S.C. § 1983 for violating plaintiffs' constitutional rights. See Harvey v. Harvey, 949 F.2d 1127 (11th Cir. 1992). To the extent plaintiffs allege that their deprivation at the hands of the private defendants resulted from their enforcement of an order rendered by Judge Hobbs in violation of plaintiffs' rights to procedural due process, this allegation is insufficient to establish that the private individuals and entities are state actors for purposes of § 1983 liability. See Freeman v. Rice, 399 Fed. Appx. 540, 545 (11th Cir. 2010)(unpublished opinion)("To the extent Freeman alleges that Rice, through his attorneys, violated his constitutional rights by securing a ruling from the Florida District Court of Appeals, his complaint fails to state a claim to relief that is plausible on its face")(citing Dennis v. Sparks, 449 U.S. 24, 28 (1980) and Capogrosso v. Supreme Court of New Jersey, 588 F.3d 180, 184 (3rd Cir. 2009), *cert. denied*, 131 S.Ct. 220 (2010); other citations omitted).[8] Additionally, as discussed above, plaintiffs have not alleged (and cannot allege) a lack of adequate state remedies as required to establish a violation of procedural due

---

[8] As noted above, plaintiffs appear to allege that Edwards represented fraudulently to plaintiffs and to the police that he was acting pursuant to an order from Judge Hobbs. See Amendment to Complaint, Doc. # 4-1.

8

process, to the extent they claim that the private defendants are state actors because they acted pursuant to Judge Hobbs' order.[9] Plaintiffs' complaint, as amended, alleges no facts sufficient to state an actionable federal claim against Edwards, Slaten & O'Connor, Anton Haardt, or the Haardt Family Limited Partnership.

Accordingly, plaintiffs' federal claims against these defendants are due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. To the extent that plaintiffs' amended complaint asserts claims arising under state law, the pleadings are devoid of allegations – or even of any suggestion – that those claims give rise to federal jurisdiction independently of federal claims that would support the court's assertion of supplemental jurisdiction.

## CONCLUSION

For the foregoing reasons, it is

ORDERED that plaintiffs' motions to amend the complaint (Docs. ## 4, 5, 6) are GRANTED.

---

[9] Although plaintiffs allege five "counts" of "CRIMINAL VIOLATIONS" (see Doc. # 4-1, p. 3), they may not prosecute criminal charges against the defendants in this civil action. See O'Berry v. State Attorney's Office, 241 Fed. Appx. 654 (11th Cir. 2007)(where *pro se* litigant brought civil rights claims pursuant to federal criminal statutes, the district court did not err by construing the plaintiff's claims as civil claims pursuant to 42 U.S.C. § 1983, since the plaintiff "could not force the U.S. Attorney General to bring a criminal prosecution against the defendants."); Cf. Otero v. U.S. Attorney General, 832 F.2d 141 (11th Cir. 1987)("[A] private citizen has no judicially cognizable interest in the prosecution or non-prosecution of another.")(citation omitted); Cok v. Cosentino, 876 F.2d 1 (1st Cir. 1989)("Cok has alleged that the appellees committed perjury, extortion, criminal conspiracy and racketeering. Generally, a private citizen has no authority to initiate a federal criminal prosecution."). The court has considered the allegations within the "criminal violations" paragraph of plaintiffs' complaint in evaluating their civil claims.

Additionally, it is the RECOMMENDATION of the Magistrate Judge that:

(1) plaintiffs' claims against Judge Hobbs be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B), as plaintiffs may not maintain their claims for injunctive relief against Judge Hobbs under 42 U.S.C. § 1983 and because their amended complaint fails to state actionable claims of "cruel and unusual punishment" or deprivation of procedural due process;

(2) to the extent that plaintiffs attempt to assert a § 1983 claim (or any federal claim) against Haardt Family Limited Partnership, Anton Haardt, Slaten & O'Connor, P.C., or Edwards, the claims be DISMISSED without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B) as plaintiffs have failed to state a claim upon which relief may be granted; and

(3) to the extent plaintiffs assert claims arising under state law against any defendant, the court decline to exercise supplemental jurisdiction over those claims, as they do not allege or suggest an independent basis for the assertion of federal jurisdiction.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before March 22, 2012. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993);  Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 8th day of March, 2012.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE